UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JASON LAUCHNER, § § *Plaintiff,* § § v. § § MARTIN DOMINGUEZ and § FERMAN CINIA, § § *Defendants.* § | Civil Action No. 3:22-cv-1054-X-BN |

## MEMORANDUM OPINION AND ORDER

Under Federal Rule of Civil Procedure 41(b), the Court **DISMISSES WITHOUT PREJUDICE** plaintiff Jason Lauchner's case against defendants Martin Dominguez and Ferman Cinia for failure to prosecute his case and failure to comply with the Court's order.

Lauchner filed his complaint in May 2022. Defendants never appeared and has since been in default for a period in excess of 90 days. Lauchner never moved for default. On October 25, 2022, the Court ordered Crider to move for entry of default and to comply with Local Rule 55.3 no later than November 25, 2022 [Doc. No. 7]. The Court warned in the same document that "[f]ailure to file the appropriate documents may result in dismissal of this case against defendants Martin Dominguez and Ferman Cinia without further notice." Lauchner never moved for entry of default.

Rule 41(b) allows the Court to "dismiss the action or any claim against" the defendant if "the plaintiff fails to prosecute or to comply with these rules or a court

1

order."[1] Dismissal under Rule 41(b) may be *sua sponte*, but it may be with prejudice "only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action."[2]

What is clear is that dismissal is appropriate under Rule 41(b) because Lauchner has failed to prosecute his case and has disobeyed the Court's orders. The more difficult inquiry is whether that dismissal should be with prejudice or without prejudice. The Court, in its discretion, notes that despite Lauchner's failures, the record lacks the findings of purposeful delay or contumaciousness and the Court has not already imposed the lesser sanctions necessary to warrant dismissal with prejudice—the heightened standard for dismissal with prejudice that Rule 41(b) requires. Therefore, under Federal Rule of Civil Procedure 41(b), the Court **DISMISSES WITHOUT PREJUDICE** Lauchner's case against the defendants for his failure to prosecute his case and his failure to comply with the Court's orders.

**IT IS SO ORDERED** this 7th day of December, 2022.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[1] FED. R. CIV. P. 41(b).

[2] *Long v. Simmons*, 77 F.3d 878, 879–80 (5th Cir. 1996).